# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL SAMUEL FIERRO,

    Plaintiff,

v.                                              No. 2:24-cv-1001-SMD-KRS

STATE OF NEW MEXICO, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Michael Samuel Fierro's Prisoner's Civil Rights Complaint, (Doc. 5). Plaintiff is incarcerated and is proceeding *pro se* and *in forma pauperis*. Plaintiff has also filed an Amended Complaint (Doc. 8), and numerous letters regarding his claims (Docs. 3, 6, 7, 11, 12, 13). Plaintiff's central allegations appear to be that he was sentenced incorrectly and served more time than he should have. *See* (Docs. 5 and 8). He names as Defendants the state judge who sentenced him, a state district attorney, and the New Mexico Department of Corrections. *See id.* In his letters, Plaintiff also alleges ineffective assistance of counsel, insufficient evidence, and prosecutorial misconduct in his underlying state trial, and seeks to add multiple defendants, such as police officers and the Carlsbad Police Department. *See, e.g.,* (Docs. 11, 12, 13).

"It is not the role of either the court or the defendant to sort through a lengthy ... complaint and voluminous [supplemental pleadings] ... to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between

notice pleading and 'shotgun' pleading."); *Pola v. Utah*, 458 Fed. Appx. 760, 762 (10th Cir. 2012) (rejecting submissions that include "everything but the kitchen sink"). Accepting Plaintiff's piecemeal pleadings would force the Court to "carefully comb through" the docket "to ascertain which [filings] contain pertinent allegations to which a response is warranted." *McNamara*, 570 Fed. App'x at 743. This would be particularly difficult here, as Plaintiff's legal theories and factual allegations are intermingled with his arguments seeking relief. The piecemeal pleadings also impede the screening function under 28 U.S.C. § 1915A because the Court cannot discern which claims Plaintiff seeks to pursue against which Defendants, or whether specific claims against specific Defendants have merit. *See* 28 U.S.C. § 1915A (requiring courts to *sua sponte* screen prisoner complaints and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted).

Consistent with these authorities, the Court declines to consider Plaintiff's current pleadings and within 30 days of this ruling, Plaintiff must file a single amended complaint on the proper form § 1983 complaint. The amendment must contain all claims and list all Defendants that Plaintiff seeks to include in this case, and it must not exceed 27 pages in length. It must also contain a short and plain statement demonstrating the grounds for relief, as required by Fed. R. Civ. P. 8(a). The amendment must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). Moreover, "a defendant's role must be more than one of abstract authority over individuals who

actually committed a constitutional violation." *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (to plead supervisor's liability, plaintiff must show he or she personally directed alleged offensive conduct or knew the plaintiff's rights were being violated but did not prevent it).

To the extent Plaintiff would seek to sue judges, prosecutors, or defense attorneys, such claims are subject to dismissal. Prosecutors are immune from civil suits for damages under § 1983 in the performance of their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) ("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process."). "[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." *Dunn v. Harper County*, 520 Fed. App'x. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013). Judges are similarly immune from suit based on actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Sawyer v. Gorman*, 317 Fed. App'x 725, 727 (10th Cir. 2008) (finding judges absolutely immune for actions taken in their judicial capacity and "not in the absence of all jurisdiction").

If Plaintiff fails to timely file a single, amended complaint that complies with these instructions - or if he continues to file piecemeal submissions that violate Rule 8(a) - the Court may dismiss this case with or without prejudice. Plaintiff is finally advised that any amendment will supersede the Complaint and must include all federal and state claims he wishes to pursue in this case.

3

**IT IS THEREFORE ORDERED** that Plaintiff may file an amended complaint **within 30 days** that complies with this Order.

_____
SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE