**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL SAMUEL FIERRO,

Plaintiff,

v. No. 2:24-cv-1001-SMD-KRS

STATE OF NEW MEXICO, *et al.*,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's failure to comply with Fed. R. Civ. P. 8(a) as directed. Plaintiff was incarcerated when he initiated this proceeding and is proceeding *pro se* and *in forma pauperis.* In his Prisoner's Civil Rights Complaint, (Doc. 5), and Amended Complaint (Doc. 8), Plaintiff alleges, *inter alia*, that in December 2023, he was sentenced incorrectly in an unidentified state case and served more time than he should have. He names as Defendants a state judge, a state district attorney, and the New Mexico Department of Corrections, and states that he seeks monetary damages. *See* (Docs. 5 and 8). Plaintiff also filed numerous letters in which he alleges ineffective assistance of counsel, insufficient evidence, and prosecutorial misconduct in his underlying state trial, and seeks to add multiple defendants, such as police officers and the Carlsbad Police Department. *See* (Docs. 3, 6, 7, 11, 12, 13).

By a Memorandum Opinion and Order entered May 6, 2026, the Court explained that it cannot sort through various filings and supplements in an attempt to piece together Petitioner's claims. (Doc. 22) (Screening Ruling); *see also Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice

pleading and 'shotgun' pleading.'"). Shotgun filings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young Publ'g Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sep. 18, 2012); *see also McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted"). The Court explained it is unable to perform its screening under 28 U.S.C. § 1915A because it cannot discern which claims Plaintiff seeks to pursue against which Defendants, or whether specific claims against specific Defendants have merit. *See* 28 U.S.C. § 1915A (requiring courts to *sua sponte* screen prisoner complaints and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted).

The Court directed Plaintiff to file a single, amended pleading that complies with Fed. R. Civ. P. 8(a). That rule requires each federal litigant to file a short and plain statement of the grounds for relief. The Screening Ruling sets forth the general pleading standards governing 42 U.S.C. § 1983 and explains that Plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution, and that "a defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). The Screening Ruling also explains that, to the extent Plaintiff seeks to sue judges, prosecutors, or defense attorneys, such claims are subject to dismissal. (Doc. 22) at 2-3. Specifically, the Screening Ruling explains that prosecutors are

immune from civil suits for damages under Section 1983 in the performance of their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) ("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process."). "[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." *Dunn v. Harper County*, 520 Fed. App'x 723, 725-26 (10th Cir. 2013). Judges are similarly immune from suit based on actions taken in their judicial capacity. *See Sawyer v. Gorman*, 317 Fed. App'x 725, 727 (10th Cir. 2008) (finding judges absolutely immune for actions taken in their judicial capacity and "not in the absence of all jurisdiction"). Plaintiff was advised that any amendment will supersede the Complaint and Amended Complaint and must include all federal and state claims he wishes to pursue in this case. He was further warned that if he fails to timely amend his complaint, the Court may dismiss this case with or without prejudice.

The deadline to amend was June 5, 2026. Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling. Accordingly, the Court will dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders" and, alternatively, pursuant to Rule 8(a) for failure to file a short and plain statement as instructed. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). The dismissal is without prejudice, since it is unclear what specific claims are being dismissed. *See Fontana v. Pearson*, 772 F. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Nasious v. Two Unknown B.I.C.E.*

*Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) (applying the same rule under Rule 41).

Plaintiff may file another civil rights complaint and an updated motion to proceed *in forma pauperis* if he still seeks to prosecute his claims. *See Gallegos v. Tafoya*, 2025 WL 1475247, at *1 (D.N.M. May 22, 2025) (noting the three-year statute of limitations on Section 1983 claims in New Mexico and explaining that the "only practical consequence of dismissal [without prejudice] is that Plaintiff will have to fill out" new forms). To the extent some of Petitioner's claims are barred by the statute of limitations, the *Ehrenhaus* factors still support this ruling. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (requiring courts to consider factors such as prejudice; interference with the judicial process; the movant's culpability; prior dismissal warnings; and the efficacy of lesser sanctions). Petitioner was given detailed instructions on how to comply with Rule 8(a) and was warned that this case would be dismissed if he failed to file a cogent pleading. Petitioner's numerous piecemeal pleadings interfere with the judicial process, and ordering any state official to answer the filings would cause prejudice, as the claims are still unclear. Finally, it appears unlikely that additional admonishments would change the result, since Petitioner did not respond to the Screening Ruling.

In sum, dismissal is appropriate pursuant to Rule 8(a), Rule 41(b), and – if it applies – *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). To the extent Petitioner's filings raise any habeas claims, the Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11. *See Barnes v. N.M. Dep't of Corr.*, Summary Order entered October 31, 2023 (requiring the District Court to grant or deny a COA following the dismissal of the petitioner's piecemeal pleadings).

**IT IS THEREFORE ORDERED** that this case, including each amended submission (**Docs. 5, 8, 3, 6, 7, 11, 12, 13**), is **DISMISSED without prejudice** pursuant to Rule 41(b) and, alternatively, pursuant to Rule 8(a).

**IT IS FURTHER ORDERD** that, to the extent necessary, a certificate of appealability is **DENIED**.

**IT IS FINALLY ORDERED** that the Court will enter a separate judgment closing this civil case.

SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE